(No. 81-CC-1602–

Wil-Freds, Inc., Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed November 18, 1985.*

O'Halloran, Lively & Walker, for Claimant.

Neil F. Hartigan, Attorney General (Erin M. O'Connell, Assistant Attorney General, of counsel), for Respondent.

Montana, C.J.

This cause comes before this Court on a stipulation for the entry of judgment submitted by the parties. This

is a breach-of-contract claim arising out of the construction of the West Pullman Nansen Elementary School (the "project") in Chicago, Illinois.

The overall project consisted of three sequential phases, each being the subject of a separate contract with the Capital Development Board (the "CDB"). Claimant was the Phase III contractor. Because the phases were sequential, Claimant could not commence its Phase III work until the first two phases were completed.

On October 4, 1978, Claimant received authorization from CDB to proceed with Phase III contract work at the project. Pursuant to the contract, Claimant was to complete its work within 330 days as measured from the date of the notice of award of the contract, August 22, 1978. This established a July 17, 1979, completion date for Claimant for its work on the project. Except for some minor change order work done in February 1979, Claimant could not commence its work until March 20, 1979. It is this delay between October 1978, and March 1979, that has given use to the claim herein.

In its amended complaint, Claimant alleged that CDB breached the contract through its failure to make the project site available to Claimant in a timely manner such that Claimant could perform its work within the time contemplated by the parties at the time of bidding. As a result of this delay, Claimant has alleged that it suffered damages in the amount of $128,030.00 associated with its increased cost of performance of its work under the contract.

After extensive review of Claimant's supporting records by representatives of CDB and following lengthy negotiations between the parties, CDB has stipulated and agreed that Claimant was prevented from

proceeding with its work on a timely basis and, for purposes of this claim only, admits liability under the amended complaint.

Because of the time and expense of trial and the vagaries of proof associated with this type of claim, the parties have stipulated and agreed that judgment should be entered in Claimant's favor in the amount of $82,000.00.

Although this Court is not bound by any stipulation, it is not the practice of this Court to interpose controversy between the parties where none seems to exist. The instant stipulation appears to have been entered into after careful consideration of the facts and applicable law by authorized representatives of the parties regarding delay damage claims under State construction contracts. The amount agreed upon seems to have resulted from the give and take associated with arms-length bargaining. This being the case, this Court sees no reason not to honor the stipulation of the parties.

It is hereby ordered that Claimant, Wil-Freds, Inc., be awarded the sum of eighty-two thousand and 00/100 ($82,000.00) dollars in full and complete satisfaction of all its claims herein.